HORTON, Judge.
An information filed by the County Solicitor of Dade County, Florida, charged that the Appellant, Davis, on April 14, 19S6, in Dade County, Florida, while having in his custody, control or possession a tractor and trailer belonging to Thomas Woodrow Forrest, “ * * * did then and there, with intent to defraud and deprive Thomas Woodrow Forrest of said property, unlawfully and feloniously appropriate the 19S3 Cabover Mack Tractor and Trailer, property of Thomas Woodrow Forrest, to his own use, or the use of some person other than Thomas Woodrow Forrest, * * To the information the Appellant pled not guilty and waived jury trial. He was tried without a jury before the Judge, found *668 guilty and sentenced to two years in the state penitentiary. This appeal is from the judgment and sentence of the lower court.
Among the errors assigned and argued before this Court by the Appellant was the failure of the State to prove the venue of the alleged crime. We feel this contention is well taken. The information under which the Appellant was prosecuted charged that the offense occurred in Dade County, Florida, on April 14, 1956. All of the testimony taken at the trial comprises nine pages and consists of the testimony of the prosecuting witness and the Appellant. There is not one iota of evidence in the record that the crime as charged by the County Solicitor in the information occurred or happened in Dade County, Florida. As a matter of fact, there is no .testimony of any kind from which an inference could be raised that the alleged crime was committed or the intent formed to commit such a crime in Dade County, Florida. The Court is not unmindful of the State’s position and has no argument with the authorities cited in the State’s brief, but is convinced that the proof of the venue of the alleged crime is wholly inadequate and fails to support one of the necessary ingredients of the charge. The only testimony regarding the Appellant is the fact that he took possession of a tractor and trailer loaded with potatoes in Dade County, Florida and was directed to deliver the potatoes in St. Louis, Missouri. The Appellant did this. What his intent might have been after the delivery of the potatoes is of no consequence to this Court and certainly offers no support for the State’s case under the charge in the information.
Accordingly, the judgment and sentence of the lower court are reversed with directions to discharge the Appellant from the cause.
CARROLL, CHAS., C. J., and PEARSON, J., concur.